## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATALIE MATHER, | ) | CASE NO. 8:09CV344 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| TWO UNKNOWN OFFICERS OF THE | ) | |
| CITY OF FREMONT POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on September 29, 2009.  (Filing No. 1.)
Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 5.)  The
court now conducts an initial review of the Complaint to determine whether summary
dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on September 29, 2009, against two Fremont,
Nebraska, Police Officers, whose names Plaintiff has been unable to determine.  (Filing
No. 1 at CM/ECF pp. 1, 20.)  Condensed and summarized, Plaintiff alleges that she was
in her home on April 21, 2009, when Defendants knocked on her door and "demanded"
that she immediately give them personal property, which Plaintiff claims belonged only to
her.  (*Id.* at CM/ECF pp. 5-6.)  Defendants stated that the property belonged to another
individual, Beverly Vrtiska.  (*Id.* at CM/ECF p. 4.)  Defendants refused to listen to Plaintiff
and forcibly took numerous items of personal property from Plaintiff's home and, in
Plaintiff's presence, gave it to Ms. Vrtiska.  (*Id.* at CM/ECF pp. 7-12.)  Plaintiff alleges that
Defendants took her personal property "without any order per any court," and without any
indication that they had investigated the rightful ownership of the property.  (*Id.* at CM/ECF

pp. 16-17.)  Plaintiff seeks monetary damages and other injunctive relief.  (*Id.* at CM/ECF pp. 18-21.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged

deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.   DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege that Defendants violated her Fourth Amendment rights.[1]  "Among other safeguards, the Fourth Amendment protects against unreasonable seizures of property." *Dixon v. Lowery*, 302 F.3d 857, 862 (8th Cir. 2002).  Under the Fourth Amendment, a "seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Id.* (quotation omitted).   Where a seizure of property is undertaken "without judicial authorization," it is "per se unreasonable unless it falls within a well-defined exception to this requirement."  *Id.* (citations omitted).  The constitutional protections of the Fourth Amendment "exist regardless of whether an officer is acting in a criminal or civil capacity." *Id.* (citing *Soldal v. Cook County*, 506 U.S. 56, 61-62 (1992)).   In addition, "[l]aw enforcement officers in general are well aware of the need for a neutral determination of property rights," and seizure of property without a warrant where property rights are disputed between two private parties is generally unreasonable. *Id.* at 864.

Here, Plaintiff alleges that Defendants knocked on her door, and forcibly took her property without a warrant or other judicial authority.  (Filing No. 1.)  They did so on the basis that another private individual claimed ownership of the property, and they gave the property to that individual.  (*Id.*)  Plaintiff objected to the taking of her property, and it was

---

[1]Plaintiff also references the Eighth Amendment.  (Filing No. 1 at CM/ECF p. 17.) However, Plaintiff is not a prisoner and her claims therefore do not arise under the Eighth Amendment.

3

clear to Defendants that the ownership of the property was in dispute. The court finds that these allegations are sufficient to nudge Plaintiff's Fourth Amendment claim across the line from conceivable to plausible, and Plaintiff may proceed on her claim. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's Fourth Amendment claim against Defendants may proceed and service is now warranted;

2.   To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

3.   Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

4.   Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

5.   Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of

4

this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

6.      The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "April 14, 2010:  Check for completion of service of summons;"

7.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  **Plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal;**  and

8.      All pending motions are denied without prejudice to reassertion after service is completed.

DATED this 15th day of December, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

_____
        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.